**ORIGINAL**

1

Law Office of Leslie S McAfee
LESLIE S McAFEE, Esq.

2

27525 Newhall Ranch Road
Unit 8

3

Valencia, CA 91355
State Bar No. 138594

4

(818) 566-1986 / Facsimile (818) 827-3078

5

email: trialattorney@hotmail.com

6

Attorney for Plaintiff Joanna Cook

```
┌─────────────────────────────┐
│          FILED              │
│                             │
│       MAY 1 8 2015          │
│                             │
│ CLERK U.S. BANKRUPTCY COURT │
│ CENTRAL DISTRICT OF CALIFORNIA │
│ BY:_____ │
│              Deputy Clerk   │
└─────────────────────────────┘
```

7

8

UNITED STATES BANKRUPTCY COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

In re: PEDRAM SHIRZAD, Debtor.

11

Bk No. 1:15-bk-11350-VK

CHAPTER 7

Adv. Case No.:

12

13

JOANNA COOK

Ch 7 Case No.: 1-15-11350-VK
Hon. Victoria S Kaufman, Judge

14

                    Plaintiff/Judgment Creditor

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT
UNDER 11 U.S.C. §§ 523(a)(4) and
523(a)(6)

15

                    vs.

16

17

PEDRAM SHIRZAD, and DOES 1 – 25,

18

                    Defendants/Debtor.

19

20

21

    COMES NOW PLAINTIFF WHO FILES THIS ADVERSARY COMPLAINT AND

22

THEREFORE ALLEGES AS FOLLOWS:

23

**JURISDICTION AND VENUE**

24

    1.    This Court has jurisdiction over the subject matter of this adversary

25

proceeding pursuant to the provisions of 28 U.S.C. § 1334 and the reference order of

26

the United States District Court for the Central District of California. This adversary

27

proceeding relates to the Chapter 7 case of Pedram Shirzad, Case No. 1-11-bk-11350-

28

VK, now pending in the United States Bankruptcy Court for the Central District of

1    California. The matter is a core proceeding pursuant to 28 U.S.C. §157.

2            2.        Venue herein is proper pursuant to the provisions of 28 U.S.C. §1409.

3                              **GENERAL ALLEGATIONS**

4            3.        On or about April 20, 2015, PEDRAM SHIRZAD (hereinafter referred to

5    as "SHIRZAD") filed a voluntary petition for relief under the provisions of Chapter 7 of

6    the United States Bankruptcy Code.

7            4.        The Superior Court for the State of California for the County of Los

8    Angeles had previously entered a Judgment against defendant SHIRZAD in favor of

9    petitioner herein, JOANNA COOK. Judgement issued December 29, 2011 and was

10   entered on January 5, 2012.  [Los Angeles Superior Court Case No. SC 101666.]

11           5.        SHIRZAD was a defendant in a case brought by Plaintiff JOANNA COOK

12   (hereinafter "COOK") herein for numerous causes of action including fraud and breach

13   of fiduciary duty.

14           6.        The trial court found in favor of COOK and against SHIRZAD and

15   entered judgment in favor of COOK and against SHIRZAD on January 5, 2012.[1]

16           7.        Plaintiff COOK appealed the Judgment on the issue of damages only.

17   The Court of Appeal, Second Appellate District, Case No. B239437, agreed with

18   COOK and affirmed the judgment on the facts and the evidence admitted at trial

19   affirming the defendants' liability but granted the appeal and remanded the matter back

20   to the trial court for a recalculation of plaintiff's damages, finding the trial court had

21   erred in its calculation of same.

22           8.        The trial court, after the remititur issued, invited all parties to submit briefs

23   based on the direction of the appellate court regarding the recalculation of plaintiff's

24   damages. All parties submitted briefs on the issue. No hearing was conducted, the trial

25   court (and the Appellate Court) finding the facts to be settled and established and all

26

27   [1] There were two additional defendants: Sermira Shirzad, brother of Pedram Shirzad,

28   and the Shirzad Family Trust. Judgment entered against all defendants, jointly and
     severally. Semira Shirzad filed for Bankruptcy during the pendency of the first appeal
     which petition was summarily dismissed by the bankruptcy court.

1  | evidence previously submitted and directed the briefs, as directed by the Appellate
2  | Court, address only the issue of damages.

3  |      9.    After consideration of all briefs submitted, the trial court issued its
4  | recalculation of damages in favor COOK in the amount of $738,922.55 (inclusive of
5  | interest as of the date of the "corrected" judgment). As before, this "correction" of the
6  | previous Judgment was joint and several as against all defendants.

7  |      10.    The "original" judgment made an express finding of fraud and breach of
8  | fiduciary duty as against defendant SHIRZAD. That finding and judgment did not
9  | change with the remitter which was concerned only with the recalculation of damages.

10 |      11.    SHIRZAD and his co-defendant sister, Semira Shirzad, have filed an
11 | appeal of the "amended" judgment which is presently pending.

12 |      12.    The appeal like the underlying Chapter 7 bankruptcy petition has no
13 | merit.

## FINDINGS OF FACT MADE BY THE TRIAL COURT IN SUPPORT
## OF JUDGMENT AGAINST DEFENDANT SHIRZAD

16 |      13.    The underlying matter involved an apartment building located in Santa
17 | Monica and the ownership of same as between Plaintiff COOK and SHIRZAD (and his
18 | sister, co-defendant Semira Shirzad). The facts recited herein are those found by the
19 | trial court and, therefore, are not in dispute.

20 |      14.    Defendant herein, though not found to be a partner in the ownership of
21 | said property, became a fiduciary through a constructive trust at the time the property
22 | was transferred to him in late 2003 by Cook for the ostensible purpose of securing
23 | refinancing due to his excellent credit and for protecting the property from any claims
24 | that might be made by Plaintiff COOK's former boyfriend. [See copy of the Statement
25 | of Decision attached hereto as Exhibit "A".][2]

26 |      15.    The trial court [Judgment] expressly found that SHIRZAD's acquisition of

---

[2] The Statement of Decision was adopted by the trial court as the judgment.

1   the property was wrongful and therefore SHIRZAD held the property in trust for COOK.

2   [Exhibit "A" at p. 5, 4th paragraph. ]

3       16.   The trial court [Judgment] also expressly found that SHIRZAD's taking

4   the property away from COOK and allowing additional loans and ultimately transferring

5   the property to the co-defendant (in the state action) SHIRZAD TRUST was self-

6   serving and breached his fiduciary obligations. [Exhibit "A" 7, first paragraph.]

7       17.   The trial court [Judgment] also expressly found plaintiff COOK had

8   proven a constructive fraud had been committed by SHIRZAD. [Exhibit "A", page 7,

9   paragraph 3.]

10       18.   The property at was sold by SHIRZAD for $1.318 million dollars of which

11   SHIRZAD conveyed nothing to COOK (who was, as found by the trial court judgment,

12   to be a rightful one-third (1/3) owner).  [Exhibit "A", page 2, paragraph 5; see also copy

13   of "new" Judgment, attached hereto as Exhibit "B", page 2 lines 2 – 3. A copy of the

14   Notice of Entry of Judgment that issued 12/29/2011, is attached hereto as Exhibit "C";

15   a copy of the Notice of Entry of (the new Judgment issued 2/29/2015) is attached

16   hereto as Exhibit "D".]

17       19.   The error the trial court made when calculating the damages was that the

18   trial court found that all parties (including SHIRZAD and COOK) had engaged in fraud

19   against the lending institutions from which SHIRZAD obtained numerous refinancing

20   inasmuch as he was a "straw man," never a "true" owner, and that the removal of

21   COOK's name from title was because of her "bad credit." Thus, the trial court limited

22   COOK's damages to the value of a one-third partner's previous sale to be value of her

23   interest at the time of her "transfer" to SHIRZAD.[3] [Exhibit "A", page 9, first paragraph.]

24       20.   On appeal, the matter was remanded for a recalculation of damages as

25

26   [3] In fact (as found by the trial court) it was Semira Shirzad, a realtor, who arranged for
the "transfer" and who facilitated the numerous refinancing deals and who "brokered'
27   the ultimate sale –all of which she earned a commission from – not COOK. Thus, the
trial court in limiting COOK's damages was essentially punishing her (the least
28   culpable)  and rewarding the SHIRZAD's (the most culpable). Fortunately, the Appellate
Court agreed.

1  the trial court had "misapplied" the *in pari delicto* doctrine. Based on the briefs and

2  pleadings filed in the trial court after the remittitur issued, the underlying facts of the

3  judgment which issued previously were not changed and adopted *in toto*; only the

4  damages changed[4]. COOK was awarded her one-third partnership share of the sales

5  price plus damages, totaling as of the date of the reissuance of the damages award to

6  $738,922.55, against all defendants, jointly and severally. [Exhibit "B".]

7       21.    As of the present date, not one penny from the sale of the property at

8  issue ($1.318 million) has been received by plaintiff COOK.

9       22.    As a stalling tactic, defendant SHIRZAD has filed a Chapter 7 voluntary

10 petition[5] knowing that the debt of the judgment at issue was predicated on fraud and

11 breach of fiduciary duty, either or both of which would render the judgment debt as

12 non-dischargeable.  This is consistent with defendant's conduct and continuous

13 pattern of fraud intended to impart the maximum harm on plaintiff and to insure that

14 plaintiff receives nothing from the sale of the property defendant herein fraudulent

15 obtained and sold.

16                      **FIRST CLAIM FOR RELIEF**

17       23.    Plaintiff adopts, incorporates by reference, and alleges herein all of the

18 allegations set forth in paragraphs 1 through 22, inclusive, as if set forth individually in

19 this First Claim for Relief.

20       24.    Pursuant to Section 523(a)(4) of the United States Bankruptcy Code, a

21 debt incurred by a debtor who perpetrates fraud or defalcation while acting as a

22 fiduciary shall be nondischargeable.

23       25.    Furthermore, Section 523(a)(6) precludes the discharge of a debt

24 incurred by willful and malicious injury by the debtor. A state court judgment may be

25

26 [4] The Appellate Court provided that in recalculating the damages, the trial court was not restrained in finding, if appropriate, any limiting factors to apply to COOK's culpability, if any; it just could not apply the
27 same doctrine as it had previously for reasons expressed in the opinion; thus, COOK could have had a lower damages result had the trial court found sufficient evidence to support such a finding. Obviously, it
28 did not.

[5] As noted before, this same tactic was tried by his sister previously.

5

1   used to prove a willful and/or malicious injury; such a state court judgment was in fact
2   rendered against SHIRZAD as noted above.

3        26.    The existence of a fiduciary relationship is determined under federal law;
4   a state court finding is insufficient. In order to establish the existence of a fiduciary
5   relationship, the relationship must be one arising from an express or technical trust.

6        27.    In the instant case, SHIRZAD obtain his interest in the property
7   "wrongfully" as found by the state court judgment. His "purpose" was to act as a "straw
8   man" because his credit was such that the property at issue could be refinanced and/or
9   could be refinanced at lower interest rates than if COOK's credit was considered.
10  SHIRZAD paid nothing for his "interest"; gave no consideration for same.  SHIRZAD
11  became a fiduciary through a constructive trust which, again, was an express finding
12  (the existence of a constructive trust as well as SHIRZAD's fiduciary "standing") by the
13  state court judgment. [Exhibit "A", page 5, 4th paragraph.] As such, SHIRZAD held
14  COOK's interest in the property in trust. SHIRZAD's obtaining additional loans and
15  ultimately transferring the property to his family trust was "self-serving and breached
16  his fiduciary obligation to COOK." [Exhibit "A", page 7, 1st paragraph.]

17       28.    Under 11 U.S.C. §523(a)(4), the state court judgment is not conclusive;
18  however, since under 11 U.S.C. §523(a)(6), the debt is clearly and unequivocally
19  nondischargeable as a matter of law giving the state court judgment conclusive effect,
20  this Court need not reach the "fiduciary" element. However, allegations establishing the
21  existence of a fiduciary relationship are set forth below.

22       29.    The conduct of SHIRZAD, as alleged above, was a defalcation, or
23  misappropriation of trust funds or money held in any fiduciary capacity. SHIRZAD
24  acted in bad faith and moral turpitude against COOK in his capacity as a fiduciary to
25  same, and because thereof, Plaintiff is entitled to punitive and exemplary damages in
26  an amount to be proven at time of trial.

27  ///
28  ///

**<u>SECOND CLAIM FOR RELIEF</u>**

30.    Plaintiff adopts, incorporates by reference, and alleges herein all of the allegations set forth in paragraphs 1 through 29, inclusive, as if set forth individually in this Second Claim for Relief.

31.    In 1999, COOK, SHIRZAD's sister (Semira Shirzad) and a third-party THOMAS DUNN, each invested an equal amount in order to purchase the residential property at issue.

32.    Semira Shirzad acted as the broker in the purchase receiving a commission for same.

33.    **<u>Title to the property was held in COOK's name only.</u>**

34.    The informal partnership between Semira Shirzad, COOK, and Dunn was not reduced to writing.

35.    In 2003, COOK signed a document prepared by Semira Shirzad which purported to transfer her interest to the property to SHIRZAD (defendant herein) in order that COOK and Semira could obtain a new favorable rate to refinance the property it was believed COOK's credit would be insufficient. In addition, COOK was concerned that a former boyfriend may seek to assert some claim on the property (to which he had no valid interest). The transfer was suggested by Semira Shirzad, a realtor, to COOK who had no knowledge, training, experience or education in real estate, buying or selling, or refinancing, and who relied on the representations made by Semira Shirzad in effecting the transfer, prepared by Semira Shirzad, to her brother, defendant herein. COOK had no interest in transferring her interest to SHIRZAD and always acted and believed as though she continued to maintain her 1/3 interest.

36.    Dunn negotiated his 1/3 interest in the property to Semira Shirzad for approximately $75,000.

37.    In 2007, COOK discovered that Semira Shirzad (who now "owned" Dunn's 1/3 interest plus her own 1/3 interest) and her brother, SHIRZAD (who "owned" COOK's 1/3 interest) had not just refinanced the property at issue (from which initial

7

1  refinance COOK received nothing), but had obtained numerous loans on the property
2  since the initial refinance totaling hundreds of thousands of dollars – again, not one
3  penny of which inured to COOK.

4      38.    In 2008, the property was sold by Semira Shirzad, acting as broker and
5  who received a commission, and SHIRZAD, for $1,318,000.

6      39.    The state trial court found that a partnership was formed as between
7  COOK, Semira Shirzad and Dunn and was not terminated when COOK "transferred"
8  interest to SHIRZAD.  As such, at least Semira Shirzad and COOK had a fiduciary
9  relationship as partners.

10     40.    SHIRZAD became a fiduciary to COOK through a constructive trust at the
11 time the property was transferred to him in 2003 for the ostensible purpose of securing
12 refinancing and to protect the property from COOK's former boyfriend.

13     41.    Before learning of the numerous loans and refinancing obtained by
14 SHIRZAD, in 2007, COOK had attempted to purchase the 2/3's of the property she did
15 not own which was when COOK discovered the additional loans.

16     42.    An independent party, Greg Roberts, a real estate agent hired by COOK
17 in 2006, testified that at all times he was dealing with COOK, she asserted she owned
18 a 1/3 interest in said property.

19     43.    SHIRZAD paid nothing for the transfer from COOK; he gave nothing as
20 consideration to COOK; COOK received nothing from any of the refinancing and loans
21 obtained by SHIRZAD, nor from the sale of the property[6].

22     44.    SHIRZAD knew when the property was transferred to him by COOK, that
23 the transfer was for the purpose of obtaining favorable refinancing terms and to
24 provide potential protection from a disgruntled ex-boyfriend, and not to convey any
25 ownership interest and, in particular, in no event, to terminate COOK's partnership with
26 SHIRZAD's sister, Semira Shirzad, who took no steps to terminate the partnership
27

28 [6] At the time, SHIRZAD did have excellent credit; all banks were fully paid without deficits when the
property was eventually sold. Despite the "straw man" maneuver, no bank or lending institution was either
aware of that status, nor was damages by same.

1  before, at or after the transfer occurred. Thus, SHIRZAD was taking his "interest" in

2  trust from COOK, creating a constructive trust and creating a fiduciary relationship

3  between SHIRZAD and COOK. SHIRZAD took no interest in the property other than

4  the use of his credit/name.

5      45.    When SHIRZAD obtained the initial and subsequent loans and/or

6  refinancing on the property and did not convey any benefit to COOK, and when

7  SHIRZAD ultimately transferred the property to his own family trust[7], which sold the

8  property, again, with no benefit inuring the COOK, SHIRZAD breached his fiduciary

9  obligations to COOK intending that COOK should be harmed. As such, SHIRZAD

10  intentionally engaged in multiple wrongful acts done intentionally that necessarily

11  caused injury and harm to COOK and that such conduct was committed without just

12  cause or excuse.

13      46.    As a direct and proximate result of the foregoing, Plaintiff has suffered

14  damages in excess of $738,922.58 which should be exempted from discharge from

15  debtor SHIRZAD's bankruptcy.

16      47.    In addition to the above, the conduct of SHIRZAD, as alleged above, was

17  a defalcation, or misappropriation of trust funds or money held in any fiduciary

18  capacity. SHIRZAD acted in bad faith and moral turpitude against COOK in his

19  capacity as a fiduciary to same, and because thereof, Plaintiff is entitled to punitive

20  and exemplary damages in an amount to be proven at time of trial.

21                          **PRAYER FOR RELIEF**

22      WHEREFORE, Plaintiff requests judgment against Debtor and Defendant

23  PEDRAM SHIRZAD, as follows:

24      1.    On her First Claim for Relief, for Judgment against Debtor and Defendant

25  PEDRAM SHIRZAD, determining that the debt owed by the Debtor to Plaintiff, is not

26  dischargeable in his bankruptcy case and for judgment as a matter of law; and/or for

27

28  _____

[7] SHIRZAD, and his sister, are the trustees of the family trust.

1 | judgment according to proof including punitive and exemplary damages.

2 |     2.    On her Second Claim for Relief, for Judgment against Debtor and

3 | Defendant PEDRAM SHIRZAD, determining that the debt owed by the Debtor to

4 | Plaintiff, is not dischargeable in his bankruptcy case and for judgment in an amount

5 | according to proof  but in excess of $738,922.58, plus interest from date of state court

6 | judgment, and to include punitive and exemplary damages according to proof.

7 |     3.    That Plaintiff be awarded her costs of suit incurred herein and for such

8 | other and further relief as this Court deems just and proper.

Law Office of Leslie S McAfee

Dated: May 14, 2015

LESLIE S McAFEE, Esq.
Attorney for Plaintiff JOANNA COOK

**EXHIBIT A**

NOV-08-2011 10:53 From:DEPT B                                      3580              P.2/11

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 10/26/11 | **DEPT. WEB** |
| HONORABLE  NORMAN P. TARLE          JUDGE | L. LANE     DEPUTY CLERK |
| HONORABLE                   JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| J. AMEZCUA, CT. ASST     Deputy Sheriff | NONE     Reporter |

| | | |
|---|---|---|
| 8:30 am | SC101666 | Plaintiff<br>Counsel |
| | JOANNA COOK | **NO APPEARANCES** |
| | VS | Defendant |
| | SEMIRA SHIRZAD, ET AL | Counsel |
| | LEAD CASE = SC101666<br>SC101962 consolidated herein | |

**NATURE OF PROCEEDINGS:**

RULING ON SUBMITTED MATTER REGARDING COURT TRIAL
TAKEN UNDER SUBMISSION; TENTATIVE DECISION ISSUED;

The Court prepared and issued a Tentative Decision
which is signed by the Court and filed on 10-26-11.

A copy of this minute order, and a copy of the
10-26-11 Tentative Decision are sent currently
herewith on 10-31-11 via U.S. mail as indicated
below.

### CLERK'S CERTIFICATE OF MAILING/
### NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
10-26-11 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Santa Monica, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 10-31-11

John A. Clarke, Executive Officer/Clerk

Page   1 of  2    DEPT. WEB

| |
|---|
| MINUTES ENTERED<br>10/26/11<br>COUNTY CLERK |

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 10/26/11 | | DEPT. WEB |
| HONORABLE NORMAN P. TARLE | JUDGE L. LANE | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| J. AMEZCUA, CT. ASST | Deputy Sheriff NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC101666 | Plaintiff Counsel | NO APPEARANCES |
| | JOANNA COOK | | |
| | VS | Defendant | |
| | SEMIRA SHIRZAD, ET AL | Counsel | |
| | LEAD CASE = SC101666 | | |
| | SC101962 consolidated herein | | |

**NATURE OF PROCEEDINGS:**

By: _____
              L. Lane

MANUAL DURAN
DURAN & CEDILLO
452 CHAVEZ AVE.
LOS ANGELES, CA 90022

MICHAEL M. BARANOV
1901 AVENUE OF THE STARS, STE 1750
LOS ANGELES, CA 90067

MINUTES ENTERED
10/26/11
COUNTY CLERK

COOK v. SHIRZAD

Case Number SC101666

West District, Santa Monica Courthouse

Department B

## TENTATIVE DECISION

This cause came on for bench trial on July 25, 2011. Testimony was completed on July 26, 2011. After a series of post-trial motions, the parties agreed that final arguments would be submitted in writing by September 27, 2011, at which time the court took the matter under submission. Prior to the commencement of testimony, plaintiff moved to dismiss all counts except for breach of fiduciary duty and constructive fraud.

Plaintiff Joanna Cook, defendant Semira Shirzad and non-party Thomas Dunn, each invested an equal amount, approximately $12,500, in order to purchase residential property in 1999. The informal partnership agreement was not reduced to writing. Title to the property and the mortgage were held exclusively in plaintiff's name. Defendant Semira Shirzad, acted as the broker in the purchase. Plaintiff moved into one of the units and took on the management by collecting rents, paying bills and seeing to the repairs. Dunn remained a silent partner. Plaintiff had difficulty keeping up her end of the necessary monetary contributions for the mortgage and maintenance, much of which came from Dunn and defendant Semira Shirzad.

In 2003, title was transferred to Pedram Shirzad, Semira Shirzad's brother, in order to refinance the property, since the parties felt plaintiff's credit was insufficient. The evidence indicated that the transfer was also made to protect their investment from plaintiff's former boyfriend.

Thomas Dunn negotiated the sale of his one-third interest in the partnership to Semira Shirzad for $75,000 to $80,000. Dunn was uncertain as to the exact amount.

Eventually, plaintiff discovered in 2007 that the defendants had done more than simply refinance the property. Several loans had been secured by the property for hundreds of thousands of dollars and the plaintiff was neither informed of these additional loans nor did she receive any proceeds from the loans. The property was eventually sold in 2008 for $1,318,000.

1

Semira Shirzad testified that plaintiff's interest had terminated at the time of the 2003 transfer to her brother. Although the testimony was difficult to understand, she stated that plaintiff failed to pay her share of the expenses of the building's maintenance and mortgage, and that Cook's interest had been diminishing because of this failure, since 2001. Semira Shirzad further claimed that plaintiff had requested Ms. Shirzad take over plaintiff's interest in the partnership since plaintiff was unable to meet her financial obligations.

## Issue 1 – Plaintiff moves to add a further cause of action for constructive trust.

Plaintiff's motion is denied.

"Constructive trust" is not a cause of action, but is merely a remedy by which equity may correct an underlying wrong, such as breach of fiduciary duty or fraud. See 13 Witkin, Summary of Cal. Law (10th ed. 2005) Trusts, §§ 319-322; *Glue-Fold, Inc. v. Slautterback Corp.* (2000) 82 Cal.App.4th 1018, 1023 n.3.

## Issue 2 – Do plaintiff's claims violate the statute of limitations?

There is no violation of the statute of limitations.

A "cause of action for breach of contract accrues at the time of the breach." *Reichert v. General Ins. Co. of America* (1968) 68 Cal.2d 822, 831. It does not "come into existence or arise until all the elements have been established" and does not arise for the first time until the injury is suffered. *In re Marriage of Klug* (2005) 130 Cal.App.4th 1389, 1398; see also *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797, 803 (cause of action accrues and the statute of limitations begins to run when the plaintiff has reason to suspect an injury and some wrongful cause). Plaintiff testified she discovered a breach of her agreement with Pedram and Semira Shirzad in April 2007, when she learned that on November 15, 2005, the Shirzad defendants obtained a loan against the property for $1.5 million and then a further loan on August 8, 2006 for an additional $484,957. The agreement was to transfer title to Pedram Shirzad for refinancing purposes only, with the understanding that upon plaintiff's request after the refinance, Pedram was to transfer title back to plaintiff. Pedram Shirzad was to act as a straw man for refinancing only. Plaintiff was to remain a partner in the partnership with a one-third

2

share. Defendants argue that the limitations period should begin either in May 2003 when Cook grant deeded the property to Pedram, or alternatively, in 2006, when Cook starting working with real estate agent Gregory Roberts.

The court finds that the evidence shows that plaintiff only gained the information about a possible breach in April 2007.

## Issue 3 – Was a partnership formed?

A partnership was formed, by oral agreement, by Joanna Cook, Thomas Dunn and Semira Shirzad. Each partner owned a one-third interest.

"[T]he association of two or more persons to carry on as coowners a business for profit forms a partnership...". Corp. Code §16202(a). A partnership may be formed by oral agreement. See, Corp. Code §16101(10). In this case, each of the partners, Joanna Cook, Thomas Dunn and Semira Shirzad, testified to the formation of a partnership by oral agreement.

## Issue 4 – Was the plaintiff's partnership interest extinguished by 2003?

There was no credible evidence that plaintiff's one-third partnership interest had been extinguished or terminated.

"A partnership *at will* is dissolved by the 'express will to dissolve' of *at least half* of the partners. [Corps.C. §16801(1)]". Friedman, California Practice Guide, Corporations (2010) §2:21a p. 2-7[italics in the original].

While Semira Shirzad could have dissolved the partnership through an affirmative act on her own part, since she owned two-thirds of the partnership, and distributed the assets of the partnership property, she did not do so. Her testimony was that plaintiff's share had been extinguished by Cook's continued failure to pay certain partnership obligations. There are two problems with this testimony. First, there was no record kept of income and expenses that showed which partner had paid and which partner had failed to pay any particular debt or expense. None of the exhibits admitted at trial address this issue. Second, there was no evidence of an agreement among the partners that a failure to pay a portion of the expenses or debts of the partnership would result in a concomitant diminution of that partner's share in the partnership.

3

### Issue 5 – Was there a Breach of Fiduciary Duty by the defendants?

The court finds a breach of fiduciary duty by each defendant.

"The elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) its breach, and (3) damage proximately caused by that breach. [citations omitted]" *Mendoza v. Continental Sales Co.* (2006) 140 Cal.App.4th 1395, 1405.

A fiduciary relationship existed in this case between the remaining partners, Joanna Cook and Semira Shirzad, based on the existence of the partnership.

> It is hornbook law that... partners obligate themselves to share risks and benefits and to carry out the enterprise with the highest good faith toward one another—in short, with the loyalty and care of a fiduciary. "Partnership is a fiduciary relationship, and partners are held to the standards and duties of a trustee in their dealings with each other. ' '[I]n all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his copartner and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat or adverse pressure of any kind.' [Citations.]" ' '" ( *BT–I v. Equitable Life Assurance Society* (1999) 75 Cal.App.4th 1406, 1410–1411, 89 Cal.Rptr.2d 811, quoting *Leff v. Gunter* (1983) 33 Cal.3d 508, 514, 189 Cal.Rptr. 377, 658 P.2d 740.) Or to put the point more succinctly, "Partnership is a fiduciary relationship, and partners may not take advantages for themselves at the expense of the partnership." ( *Jones v. Wells Fargo Bank* (2003) 112 Cal.App.4th 1527, 1540, 5 Cal.Rptr.3d 835; see *Jones v. H.F. Ahmanson & Co.* (1969) 1 Cal.3d 93, 108, 111, 81 Cal.Rptr. 592, 460 P.2d 464.)

*Enea v. Superior Court* (2005) 132 Cal.App.4th 1559, 1564.

Semira Shirzad breached her fiduciary duty through her self-dealing by participating in plaintiff's removal from the title to the property, and then treating the property as hers and her brother's, as evidenced by the subsequent encumbrances, failure to distribute any of the proceeds to plaintiff, and sale to Greg Roberts.

Pedram Shirzad though, was not a partner. He became a fiduciary through a constructive trust, at the time that the property was transferred to him in late 2003, for the ostensible purpose of securing refinancing and protecting the property from Joanna Cook's former boyfriend. Based on the testimony of both Pedram and Semira Shirzad, the court finds that it is more likely than not, that at the time of the transfer, neither defendant intended that plaintiff

4

NOV-08-2011 10:54 From:DEPT B    318 578 6453    P.8:11

retain any partnership interest. Pedram Shirzad stated in court that he was informed in 2003 by plaintiff and Semira Shirzad that Cook's partnership interest was terminated and that she wanted to get out of the partnership due to her financial problems. Semira Shirzad testified, as indicated previously, that plaintiff's partnership interest had terminated around the same time as the transfer to Pedram Shirzad. The court does not find this testimony credible. The scenario described by Dunn and Cook, that the property was transferred for the purpose of refinancing and protecting the property from Cook's former boyfriend, seems more likely. First, plaintiff made the transfer as gift (not even requesting the return of her initial investment). Second, Thomas Dunn was the most believable witness in the case and his testimony indicates that indeed, plaintiff was having financial difficulties but Dunn and Semira Shirzad made up the differences without a further agreement as to any consequences to Cook and that at the time of the transfer to Pedram Shirzad and Dunn's sale of his shares, he believed that Cook was still a partner. Third, plaintiff's subsequent activity in 2007, when she attempted to purchase the entire property and found out about the additional loans, does not make sense if plaintiff had relinquished her entire partnership interest. Fourth, Greg Roberts, the real estate agent plaintiff hired in 2006 testified that plaintiff believed she owned a third interest in the property.

"A constructive trust is a remedial device primarily created to prevent unjust enrichment; equity compels the restoration to another of property to which the holder thereof is not justly entitled ...." (*Kraus v. Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 373... see 5 Scott on Trusts (3d ed. 1967) § 462, p. 3413....

"The essence of the constructive trust theory is to prevent unjust enrichment and to prevent a person from taking advantage of his own wrongdoing." (*Nevarez v. Nevarez* (1962) 202 Cal.App.2d 596, 602 [21 Cal.Rptr. 70].) In such a trust based upon wrongdoing, an oral promise is sufficient and the existence or absence of a confidential relationship between the parties, in the strict sense, is not controlling. ...(*Fowler v. Fowler* (1964) 227 Cal.App.2d 741,; *Rankin v. Satir* (1946) 75 Cal.App.2d 691, 695...).

The principal constructive trust situations are set forth in Civil Code sections 2223 and 2224. Section 2223 provides that "[o]ne who *wrongfully* detains a thing is an involuntary trustee thereof, for the benefit of the owner." (Italics added.) Section 2224 provides that "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, *or other wrongful act*, is, unless he has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." (Italics added.) The only conditions necessary to create a constructive trust are those stated in the above sections. (*Kraus v. Willow Park Public Golf Course, supra.*, 73 Cal.App.3d 354, 373; *Estrada v. Garcia* (1955) 132 Cal.App.2d

545, 552 [382 P.2d 547]; *Rankin v. Satir, supra.*, 75 Cal.App.2d at p. 695.) In order to provide the necessary flexibility to apply an equitable doctrine to individual cases, these sections state general principles for a court's guidance rather than restrictive rules. (*Elliott v. Elliott* (1964) 231 Cal.App.2d 205, 211 [41 Cal.Rptr. 686].) Thus, it has been pointed out that "a constructive trust may be imposed in practically any case where there is a wrongful acquisition or detention of property to which another is entitled." (*Weiss v. Marcus* (1975) 51 Cal.App.3d 590, 600 [124 Cal.Rptr. 297]; *Estrada v. Garcia, supra.*, 132 Cal.App.2d at p. 552; *Rankin v. Satir, supra.*, 75 Cal.App.2d at p. 695.)

*Martin v. Kehl* (1983) 145 Cal.App.3d 228, 237.

Pedram Shirzad's acquisition of the property was wrongful. Pedram Shirzad therefore, held the property in trust for the plaintiff. His participation in taking the property away from plaintiff, allowing additional loans and ultimately transferring it to the defendant trust was self-serving and breached his fiduciary obligation. The transfer to the third defendant, the Shirzad Trust, did not change plaintiff's right to compensation. The Shirzad Trust held plaintiff's one-third interest constructively or as a resulting trust. The result is the same either way. The Shirzad Trust breached its fiduciary obligation to plaintiff when it sold the property without her approval to Roberts and failed to distribute an appropriate amount to the plaintiff.

The defendants' breach caused damage to plaintiff when plaintiff failed to receive her share of the proceeds of the sale.

### Issue 6 – Did plaintiff prove Constructive Fraud?

Plaintiff's evidence is sufficient to prove constructive fraud committed by Pedram and Semira Shirzad.

Constructive Fraud is defined in Civil Code §1573 in the following terms.

1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice, or to the prejudice of any one claiming under him; or,

2. In any such act or omission as the law specially declares to be fraudulent, without respect to actual fraud.

"Constructive fraud 'arises on a breach of duty by one in a confidential or fiduciary relationship to another which induces justifiable reliance by the latter *to his prejudice.*' [citations

6

omitted].  Actual reliance and causation of injury must be shown. [citations omitted]." *Tyler v. Children's Home Society* (1994) 29 Cal.App.4th 511, 548.

The elements of fiduciary relationship, breach of duty and damages were discussed and resolved with regard to Issue 5, and apply here as well.  The remaining element of justifiable reliance is easily addressed.  Cook's and Dunn's testimony made it clear that plaintiff did not have enough funds to hold up her end of the partnership and more money was needed to keep up the property and comply with governmental orders concerning repair of substandard portions of the property.  Cook had relied on Semira Shirzad to handle the loan at the beginning of the partnership and it was reasonable for plaintiff to continue to rely on her advice and expertise in refinancing the property.  In addition, Pedram Shirzad had had a dating relationship with plaintiff that also supported plaintiff's belief that the advice she was receiving was correct and that she would be dealt with fairly.  All three partners had entered the partnership arrangement leaning on a great deal of trust, since no one deemed it necessary to reduce any part of the agreement to writing.  It was this trust that led plaintiff to transfer the property to Pedram Shiraz and neglect to check on the subsequent encumbrances or legal condition of the property for many years.  It was this trust that allowed the defendants to take complete control and ownership of the property to plaintiff's prejudice.

## Issue 7 – What are plaintiff's damages?

The court applies the doctrine of unclean hands to limit plaintiff's damages to the value of her interest in the property in 2003, when she transferred it to Pedram Shirzad.  That amount is set at $77,500.  The defendants are severally and jointly liable.

"A court will neither aid in the commission of a fraud by enforcing a contract, nor relieve one of two parties to a fraud from its consequences, where both are *in pari delicto*." 13 Witkin, Summary of Cal. Law (10th ed. 2005) Equity, §9, p.289.  Even where a cause of action is legal, the affirmative defense of unclean hands may be interposed.  See, *Unilogic Inc. v. Burroughs Corp.* (1992) 10 Cal.App.4th 612, 621-622.

The defense answer included the affirmative defense of unclean hands.  The fact that the defense failed to assert or argue the doctrine is not surprising since it would have required the admission that all parties, including the defendants, had been complicit in perpetrating a fraud.

7

NOV-08-2011 10:56 From:DEPT B    P.11/11

The fraud in this instance was on the lending institution from whom the parties were seeking the refinancing. Plaintiff was taken off of the deed of trust because of her bad credit. Pedram Shirzad was placed on the deed of trust as the sole owner, although he had no partnership interest in the property and according to plaintiff was only a straw man in the business arrangement. Furthermore, no documents were prepared that would have alerted a lender of the true partnership agreement. This was a scheme to purposely mislead a lender. This court ought to have no part in giving its imprimatur to such a project.

The fair market value of plaintiff's partnership share is determined by the best price that a willing buyer would pay a willing seller. *CMSH v. Antelope Development, Inc.* (1990) 223 Cal.App.3rd 174, 182. In this case Dunn negotiated an arms-length sale of his one-third interest in the partnership to Semira Shirzad around the time of the transfer to Pedram Shirzad. This would appear to be an accurate assessment of the value of plaintiff's interest during the same period. Dunn testified that he was paid between $75,000 and $80,000. The court chooses the mid-point of $77,500 as a reasonable determination of plaintiff's award.

## JUDGMENT

Judgment is for the plaintiff for $77,500 on each cause of action, to be awarded concurrently for a total of $77,500, against each defendant jointly and severally.

This Tentative Decision is to become the court's Statement of Decision in 15 days, unless objections are properly filed in accordance with CRC Rule 3.1590. Costs may be claimed in the manner provided by law.

October 26, 2011    _____

                    Norman P. Tarle, Judge

8

JUD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Manuel Duran, Esq. [Bar #189102]
4532 Cesar Chavez Ave.
Los Angeles, CA 90022
TELEPHONE NO: (323) 881-1811    FAX NO. *(Optional):* (323) 881-9580
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff Joanna Cook

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS: 1725 Main St.
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West District, Santa Monica Courthouse

PLAINTIFF: COOK

DEFENDANT: SHIRZAD

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 29 2011

John A. Clarke, Executive Officer/Clerk

By Lynn Lane, Deputy

**JUDGMENT**

| JUDGMENT | | |
|---|---|---|
| ☐ By Clerk | ☐ By Default | ☑ After Court Trial |
| ☑ By Court | ☐ On Stipulation | ☐ Defendant Did Not Appear at Trial |

CASE NUMBER:

SC 101666

**JUDGMENT**

1. ☐ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 585(a)). Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.
   e. ☐ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2. ☐ **ON STIPULATION**
   a. Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case. The court approved the stipulated judgment and
   b. ☐ the signed written stipulation was filed in the case.
   c. ☐ the stipulation was stated in open court    ☐ the stipulation was stated on the record.

3. ☑ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):* July 25, 2011 to July 26, 2011
      before *(name of judicial officer):* Honorable Norman P. Tarle
   b. Appearances by:

   | | |
   |---|---|
   | ☑ Plaintiff *(name each):* | ☑ Plaintiff's attorney *(name each):* |
   | (1) Joanna Cook | (1) Manuel Duran, Esq. |
   | (2) | (2) |
   | ☐ Continued on Attachment 3b. | |
   | ☑ Defendant *(name each):* | ☑ Defendant 's attorney *(name each):* |
   | (1) Semira Shirzad | (1) Michael M. Baranov, Esq. |
   | (2) Pedram Shirzad | (2) |
   | ☑ Continued on Attachment 3b. | |

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☑ A statement of decision  (Code Civ. Proc., § 632) ☐ was not  ☑ was    requested.

Form Approved for Optional Use
Judicial Council of California
JUD-100 [New January 1, 2002]

JUDGMENT
COPY

Code of Civil Procedure, §§ 585, 664.6

| PLAINTIFF: COOK | CASE NUMBER: |
|---|---|
| DEFENDANT: SHIRZAD | |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**    [✓] THE COURT        [ ] THE CLERK

4.  [ ]    **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5.  **Parties.** Judgment is

    a.  [✓]  for plaintiff (name each):
        Joanna Cook

        and against defendant (names):
        Semira Shirzad

        [✓]  Continued on Attachment 5a.

    b.  [ ]  for defendant (name each):

    c.  [ ]  for cross-complainant (name each):

        and against cross-defendant (name each):

        [ ]  Continued on Attachment 5c.

    d.  [ ]  for cross-defendant (name each):

6.  **Amount.**

    a.  [✓] Defendant named in item 5a above must
        pay plaintiff on the complaint:

    c.  [ ] Cross-defendant named in item 5c above must pay
        cross-complainant on the cross-complaint:

| | | | |
|---|---|---|---|
| (1) | [✓] Damages | $ 77,500.00 | |
| (2) | [ ] Prejudgment interest at the annual rate of      % | $ | |
| (3) | [ ] Attorney fees | $ | |
| (4) | [✓] Costs | $ 1,119.00 | |
| (5) | [ ] Other (specify): | $ | |
| (6) | TOTAL | $ 78,619.00 | |

| | | | |
|---|---|---|---|
| (1) | [ ] Damages | $ | |
| (2) | [ ] Prejudgment interest at the annual rate of      % | $ | |
| (3) | [ ] Attorney fees | $ | |
| (4) | [ ] Costs | $ | |
| (5) | [ ] Other (specify): | $ | |
| (5) | TOTAL | $ | |

    b.  [ ]  Plaintiff to receive nothing from defendant
        named in item 5b.
        [ ] Defendant named in item 5b to recover
        costs  $
        [ ] and attorney fees  $

    d.  [ ]  Cross-complainant to receive nothing from
        cross-defendant named in item 5d.
        [ ] Cross-defendant named in item 5d to recover
        costs  $
        [ ] and attorney fees  $

7.  [✓]  Other (specify):
        Judgment is against each defendant jointly and severally.

Date: 12-29-11

Norman P. Tarle

[ ]    _____
                   JUDICIAL OFFICER

Date: _____        [ ] Clerk, by _____, Deputy

---

| (SEAL) | **CLERK'S CERTIFICATE** (Optional) |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____, Deputy |

JUD-100 [New January 1, 2002]                **JUDGMENT**

1  JUDGMENT

2  COOK vs. SHIRZAD, ET AL.

3  CASE NO. SC101666

4  ATTACHMENTS TO JUDGMENT

5  ————————————————————————————————————————————————————

6

7  ATTACHMENT 3b.:

8      (3) Defendant Semira Shirzad as Trustee of the Shirzad Trust

9      (4) Defendant Pedram Shirzad as Trustee of the Shirzad Trust

10

11

12  ATTACHMENT 5a.:

13      Defendant Pedram Shirzad

14  Defendant Semira Shirzad as Trustee of the Shirzad Trust

15      Defendant Pedram Shirzad as Trustee of the Shirzad Trust

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT

**PROOF OF SERVICE BY MAIL**

COUNTY OF LOS ANGELES, STATE OF CALIFORNIA

I am over the age of 18 years, and not a party to this action. My business address is: Duran & Cedillo, 4532 Cesar E. Chavez Ave., Los Angeles, CA 90022. Tel: (323) 881-1811

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the U.S. Postal Service that same day in the ordinary course of business.

On December 27, 2011, at my place of business a copy of the following document: JUDGMENT was placed for deposit in the U.S. Postal Service in a sealed envelope, with postage fully prepaid, addressed to:

Michael M. Baranov
Baranov & Wittenberg LLP
1901 Ave. of the Stars, Suite 1750
Los Angeles, CA 90067

and that envelope was placed for collection and mailing on that date following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 27, 2011, at Los Angeles, California.



Manuel Duran, Esq.

**EXHIBIT B**

1

2

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

FEB 20 2015

3

4

Sherri R. Carter, Executive Officer/Clerk

By Lynn Lane, Deputy

5

6

7

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## COUNTY OF LOS ANGELES, WEST DISTRICT

10

11    JOANNA COOK,

Case No.: SC 101666
[Hon. Norman P. Tarle, Judge]
Dept. WE J

12         Plaintiff,

13    vs

14    SEMIRA SHIRZAD, etc., et al

[PROPOSED]

15         Defendants.

JUDGMENT

16

17

18

19        Trial in the above-entitled matter was held on July 25 and 26, 2011.

20        Judgment was entered in favor of Plaintiff against defendants SEMIRA

21    SHIRZAD, Individually and as Trustee as the Shirzad Family Trust; PEDRAM

22    SHIRZAD, Individually and as Trustee of the Shirzad Family Trust; and the Shirzad

23    Family Trust, jointly and severally.

24        Plaintiff appealed the damages awarded and the Court of Appeal granted the

25    appeal and remanded the matter for a recalculation of damages only; all factual

26    findings by the trial court remain as originally determined.

27        All parties submitted briefs on the issue of damages and the court has read and

28    considered all briefs filed and all arguments submitted by the parties.

1

1      **IT IS HEREBY ADJUGED AND DECREED AS FOLLOWS:**

2          1.      On the issue of damages, the court finds Plaintiff is entitled to one-third

3   the amount of the sales of the real property at issue, which is $439,333.33; and

4          2.      Plaintiff is entitled to interest on the damages from February 29, 2008

5   though and including the date of Judgment, December 23, 2014, in the amount of

6   $299,589.22.

7          3.      Total damages including interest is $738,922.55.

8          4.      The award and judgment is against all defendants, jointly and severally.

9

10

11

    DATED: _2-20-15_                        Norman P. Tarle

12                                          _____

13                                          NORMAN P. TARLE, JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

**PROOF OF SERVICE**

CCP §1013(A)(3) Revised 3/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is: 27525 Newhall Ranch Road, Unit 8, Valencia, CA 91355.

On February 3, 2015, I served the foregoing document(s) described as:

PROPOSED JUDGMENT

on the interested parties in this action by placing the true copies of same enclosed in a sealed envelope addressed as follows:

MICHAEL M BARANOV
Baranov & Wittenberg, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, CA 90067

KOUSHA BEROKIM
Berokim & Duel, P.C.
270 N. Canon Drive, 3d Floor
Beverly Hills, CA 90210

I deposited such envelope in the mail at Valencia, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage fully paid thereon at Valencia, California in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on February 3, 2015, at Valencia, CA.

3

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/23/15 | | DEPT. WEJ |
| HONORABLE NORMAN P. TARLE          JUDGE | L. LANE | DEPUTY CLERK |
| HONORABLE          JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONR          Deputy Sheriff | NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC101666 | Plaintiff Counsel | NO APPEARANCES |
| | JOANNA COOK | | |
| | VS | Defendant | |
| | SEMIRA SHIRZAD, ET AL | Counsel | |
| | LEAD CASE = SC101666 | | |
| | SC101962 consolidated herein | | |

**NATURE OF PROCEEDINGS:**

**RULING ON SUBMITTED MATTER:**

RECALCULATION OF DAMAGES

This cause came on for bench trial on July 25, 2011.
Testimony was completed on July 26, 2011.  After a
series of post-trial motions, the parties agreed
that final arguments would be submitted in writing
by September 27, 2011, at which time the court took
the matter under submission.  Prior to the
commencement of testimony, plaintiff moved to
dismiss all counts except for breach of fiduciary
duty and constructive fraud. The Statement of
Decision was issued November 28, 2011. A Remittitur
was issued by the Second Appellate District of the
Court of Appeal on August 1, 2014. This court's
decision was affirmed in part and reversed and
remanded in part. This court was ordered to
recalculate damages. A hearing was set for September
17, 2014. The court received briefing before the
hearing. Pursuant to a stipulation by counsel, the
court set a schedule for further briefing at the
convenience of the attorneys. The final brief was
due on December 19, 2014, at which time the matter
was taken under submission. The court has reviewed
the arguments of all counsel and recalculates the
damages as follows.

The property was eventually sold in 2008 for

Page   1 of   4   DEPT. WEJ

MINUTES ENTERED
12/23/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 12/23/15 | DEPT. WEJ |
| HONORABLE NORMAN P. TARLE    JUDGE    L. LANE | DEPUTY CLERK |
| HONORABLE    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONR    Deputy Sheriff    NONE | Reporter |

| | | | |
|---|---|---|---|
| 8:30 am | SC101666 | Plaintiff Counsel | NO APPEARANCES |
| | JOANNA COOK VS SEMIRA SHIRZAD, ET AL | Defendant Counsel | |
| | LEAD CASE = SC101666 SC101962 consolidated herein | | |

**NATURE OF PROCEEDINGS:**

$1,318,000 by the defendants Semira Shirzad and
Pedram Shirzad. Plaintiff Joanna Cook is entitled to
one third of this amount, which is $439,333.33. The
plaintiff is further entitled to 10% interest from
the date of the breach in February 2008. While the
month and year of the sale were established at
trial, the particular date was not. The plaintiff
bears the burden of proof in this regard. In the
absence of proof the court is compelled to select
the last business day in February 2008 as the date
of the sale. The court takes judicial notice that
2008 was a leap year and that the last business date
of February was Friday the 29th. The 10% is
calculated from February 29, 2008 through and
including the date of this order, December 23, 2014.
Interest is $299,589.22.

Damages are $439,333.33. Interest
[2/29/2008-12/23/2014] is $299,589.22. Total damages
are $738,922.55. The award is joint and several.

Counsel for plaintiff is to submit a proposed
judgment directly to Department WE-J for review.

The clerk sends notice as indicated below.

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the

Page    2 of    4    DEPT. WEJ

MINUTES ENTERED
12/23/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 12/23/15 | | DEPT. WEJ |
| HONORABLE  NORMAN P. TARLE  JUDGE | L. LANE | DEPUTY CLERK |
| HONORABLE  JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONR  Deputy Sheriff | NONE | Reporter |

| 8:30 am | SC101666 | Plaintiff Counsel | |
|---|---|---|---|
| | JOANNA COOK | | NO APPEARANCES |
| | VS | Defendant | |
| | SEMIRA SHIRZAD, ET AL | Counsel | |

LEAD CASE = SC101666
SC101962 consolidated herein

**NATURE OF PROCEEDINGS:**

above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the
Minute Order
upon each party or counsel named below by placing
the document for collection and mailing so as to
cause it to be deposited in the United States mail
at the courthouse in Santa Monica,
California, one copy of the original filed/entered
herein in a separate sealed envelope to each address
as shown below with the postage thereon fully prepaid,
in accordance with standard court practices.

Dated: 1-29-15

Sherri R. Carter, Executive Officer/Clerk

By: _____
            L. Lane

Leslie S. McAfee
Law Offices of Leslie S. McAfee
27525 Newhall Ranch Road, Unit 8
Valencia, CA 91355

Page  3 of  4  DEPT. WEJ

MINUTES ENTERED
12/23/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | | | |
|---|---|---|---|---|
| DATE: 12/23/15 | | | | DEPT. WEJ |
| HONORABLE NORMAN P. TARLE | JUDGE | L. LANE | | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | | | ELECTRONIC RECORDING MONITOR |
| NONR | Deputy Sheriff | NONE | | Reporter |

8:30 am  SC101666

          JOANNA COOK                           NO APPEARANCES
          VS
          SEMIRA SHIRZAD, ET AL

          LEAD CASE = SC101666
          SC101962 consolidated herein

Plaintiff Counsel

Defendant Counsel

---

**NATURE OF PROCEEDINGS:**

Michael M. Baranov
Baranov & Wittenberg, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, CA 90067

Kousha Berokin
Berokim & Duel P.C.
270 North Canon Drive, Third Floor
Beverly Hills, CA 90210

Page  4 of  4   DEPT. WEJ

```
MINUTES ENTERED
12/23/15
COUNTY CLERK
```

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. WEJ |
|---|---|---|
| DATE: 02/13/15 | | |
| HONORABLE NORMAN P. TARLE   JUDGE | L. LANE | DEPUTY CLERK |
| HONORABLE                JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE            Deputy Sheriff | NONE | Reporter |

| 3:30 pm | SC101666 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOANNA COOK | | |
| | VS | Defendant | |
| | SEMIRA SHIRZAD, ET AL | Counsel | |
| | LEAD CASE = SC101666 | | |
| | SC101962 consolidated herein | | |

**NATURE OF PROCEEDINGS:**

NUNC PRO TUNC ORDER and COURT ORDER:

Nunc Pro Tunc Order:

Due to inadvertance and clerical error, the minute order of 12-23-15 does not accurately reflect the order of the Court for Department WE-J. Said minute order is hereby corrected nunc pro tunc as of 1-20-15 as follows:

TO DELETE:
12-23-15 (From Heading of Minute Order on each page)
12-23-15 (From Bottom of Minute Order on each page)
TO ADD:
12-23-14 (To Heading of Minute Order on each page)
12-23-14 (To Bottom of Minute Order on each page)

Court Order:

The Court is in receipt of Defendant, Pedram Shirzad's Request for Statement of Decision and Request for Hearing filed this date  The request is untimely.  The Ruling on Submitted Matter issued on 12-23-14 became the Court's Statement of Decision because there were no further objections or requests filed within the statuatory time limit.

The clerk sends notice as indicated below.

Page   1 of   3   DEPT. WEJ

MINUTES ENTERED
02/13/15
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 02/13/15 | | DEPT. WEJ |
| HONORABLE NORMAN P. TARLE          JUDGE | L. LANE | DEPUTY CLERK |
| HONORABLE                     JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE                      Deputy Sheriff | NONE | Reporter |

| 3:30 pm | SC101666 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | JOANNA COOK | | |
| | VS | Defendant | |
| | SEMIRA SHIRZAD, ET AL | Counsel | |
| | | | |
| | LEAD CASE = SC101666 | | |
| | SC101962 consolidated herein | | |

**NATURE OF PROCEEDINGS:**

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order upon each party or
counsel named below by placing the document for
collection and mailing so as to cause it to be
deposited in the United States mail at the courthouse
in Santa Monica, California, one copy of the original
filed/entered herein in a separate sealed envelope
to each address as shown below with the postage
thereon fully prepaid, in accordance with standard
court practices.

Dated: 2-20-15

Sherri R. Carter, Executive Officer/Clerk

By: _____
                L. Lane

Kousha Berokim
Berokin & Duel P.C.
270 North Canon Drive, Third Floor
Beverly Hills, CA 90210

Page   2 of  3   DEPT. WEJ

| MINUTES ENTERED |
|---|
| 02/13/15 |
| **COUNTY CLERK** |

# SUPERIOR COU. OF CALIFORNIA, COUNTY OF _OS ANGELES

| | |
|---|---|
| DATE: 02/13/15 | **DEPT. WEJ** |
| HONORABLE NORMAN P. TARLE    JUDGE | L. LANE   DEPUTY CLERK |
| HONORABLE              JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| NONE    Deputy Sheriff | NONE    Reporter |

3:30 pm   SC101666

JOANNA COOK
VS
SEMIRA SHIRZAD, ET AL

LEAD CASE = SC101666
SC101962 consolidated herein

Plaintiff Counsel
Defendant Counsel

NO APPEARANCES

**NATURE OF PROCEEDINGS:**

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Minute Order upon each party or
counsel named below by placing the document for
collection and mailing so as to cause it to be
deposited in the United States mail at the courthouse
in Santa Monica, California, one copy of the original
filed/entered herein in a separate sealed envelope
to each address as shown below with the postage
thereon fully prepaid, in accordance with standard
court practices.

Dated: 2-20-15

Sherri R. Carter, Executive Officer/Clerk

By: _____
              L. Lane

Kousha Berokim
Berokin & Duel P.C.
270 North Canon Drive, Third Floor
Beverly Hills, CA 90210

Page   2 of  3   DEPT. WEJ

**MINUTES ENTERED**
02/13/15
**COUNTY CLERK**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 02/13/15                                                              **DEPT. WEJ**

HONORABLE  NORMAN P. TARLE          JUDGE    L. LANE              DEPUTY CLERK

HONORABLE                        JUDGE PRO TEM            ELECTRONIC RECORDING MONITOR

          NONE                 Deputy Sheriff   NONE                  Reporter

---

| 3:30 pm | SC101666 | | |
|---|---|---|---|
| | JOANNA COOK | Plaintiff<br>Counsel | NO APPEARANCES |
| | VS<br>SEMIRA SHIRZAD, ET AL | Defendant<br>Counsel | |
| | LEAD CASE = SC101666<br>SC101962 consolidated herein | | |

---

**NATURE OF PROCEEDINGS:**


Leslie S. McAfee
Law Offices of Leslie S. McAfee
27525 Newhall Ranch Road, Unit 8
Valencia, CA 91355


Michael M. Baranov
Baranov & Whittenberg, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, CA 90067

Page    3 of    3    DEPT. WEJ

MINUTES ENTERED
02/13/15
COUNTY CLERK

**EXHIBIT C**

CIV-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Manuel Duran, Esq. [Bar #189102]<br>Duran & Cedillo<br>4532 Cesar Chavez Ave.<br>Los Angeles, CA 90022<br>    TELEPHONE NO: (323) 881-1811    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional)*:<br>    ATTORNEY FOR *(Name):* Plaintiff Joanna Cook | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JAN 0 5 2012<br><br>John A. Clarke, Executive Officer/Clerk<br><br>By: R. McKinshaw, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main St.
MAILING ADDRESS: 1725 Main St.
CITY AND ZIP CODE: Santa Monica, CA 90401
BRANCH NAME: West District, Santa Monica Courthouse

PLAINTIFF/PETITIONER: COOK
DEFENDANT/RESPONDENT: SHIRZAD

| NOTICE OF ENTRY OF JUDGMENT<br>OR ORDER | CASE NUMBER:<br>SC101666 |
|---|---|

*(Check one):*  [✓] **UNLIMITED CASE**        [ ] **LIMITED CASE**
                (Amount demanded              (Amount demanded was
                exceeded $25,000)             $25,000 or less)

TO ALL PARTIES :

1.  A judgment, decree, or order was entered in this action on *(date):* December 29, 2011

2.  A copy of the judgment, decree, or order is attached to this notice.

Date: 01/04/12

Manuel Duran, Esq.
_____
(TYPE OR PRINT NAME OF  [✓] ATTORNEY  [ ] PARTY WITHOUT ATTORNEY)

▶ _____
(SIGNATURE)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CIV-130 [New January 1, 2010]

**NOTICE OF ENTRY OF JUDGMENT OR ORDER**

CIV-130

| | |
|---|---|
| PLAINTIFF/PETITIONER: COOK | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | SC101666 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF ENTRY OF JUDGMENT OR ORDER

*(NOTE: You cannot serve the Notice of Entry of Judgment or Order if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   4532 Cesar Chavez Ave.
   Los Angeles, CA 90022

2. I served a copy of the *Notice of Entry of Judgment or Order* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☐ deposited the sealed envelope with the United States Postal Service.

   b. ☑ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Entry of Judgment or Order* was mailed:

   a. on *(date):* 01/04/12

   b. from *(city and state):* Los Angeles, CA

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
      Michael M. Baranov, Esq.

      Street address: 1901 Ave. of the Stars, Suite 1750

      City: Los Angeles

      State and zip code: CA, 90067

   c. Name of person served:

      Street address:

      City:

      State and zip code:

   b. Name of person served:

      Street address:

      City:

      State and zip code:

   d. Name of person served:

      Street address:

      City:

      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1/4/12

Manuel Duran
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

Page 2 of 2

CIV-130 [New January 1, 2010]

## NOTICE OF ENTRY OF JUDGMENT OR ORDER

**EXHIBIT D**

ORIGINAL

FORM B104  (08/07)                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

RECEIVED

MAY 18 2015

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

| PLAINTIFFS<br>JOANNA COOK | DEFENDANTS<br>PEDRAM SHIRZAD |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Law Office of Leslie McAfee, 27525 Newhall Ranch Rd. #7<br>Valencia, CA 91355 (818) 566-1986 | ATTORNEYS (If Known)<br>Leslie Cohen Law PC, 506 Santa Monica Bl. #200<br>Santa Monica, CA 90401 (310) 394-5900 |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☑ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☑ Creditor | ☐ Other | ☐ Creditor | ☐ Other |
| ☐ Trustee | | ☐ Trustee | |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Non-dischargeability pursuant to 11 USC 523(a)(4),(6); state court judgment for fraud, breach of fiduciary duty

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☐ 12-Recovery of money/property - §547 preference

☐ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ [4] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ [2] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ [1] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ [3] 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 733,922.58 |

**Other Relief Sought**
Punitive and Exemplary damages; interest (attorney's fees if recoverable)

FORM B104 (08/07), page 2                                        2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>PEDRAM SHIRZAD | | BANKRUPTCY CASE NO.<br>1:11-bk-11350-V |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISIONAL OFFICE<br>San Fernando Valley/Woodland Hil | NAME OF JUDGE<br>Hon. Victoria S Kaufman |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br>5/18/15 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LESLIE McAFEE |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.